IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ASHLEY BALLARD,

    Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY, a Texas Corporation.

    Defendant.

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant USAA Casualty Insurance Company ("USAA CIC") hereby removes this action from the Denver District Court, Denver County, Colorado (state court case no. 2015-CV-30385) to the United States District Court for the District of Colorado on the ground that jurisdiction exists under 28 U.S.C. § 1332(a). In support of removal, USAA CIC states as follows:

## BACKGROUND

1.    On February 2, 2015, Ashley Ballard ("Plaintiff") filed her civil complaint against USAA CIC in the District Court, Denver County, Colorado ("Complaint") commencing the state court action ("State Court Action"). Plaintiff filed the First Amended Complaint on February 27, 2015 ("Amended Complaint"). Copies of the State Court Action Complaint, Amended

Complaint, the civil case cover sheet, the summons, and the affidavit of service are attached to this filing.

2. Plaintiff served USAA CIC with the Complaint on February 4, 2015. (*See* Affidavit of Service.[1])

3. The allegations in the Amended Complaint arise from insurance policy no. 00798 53 81C 7101 8 issued by USAA CIC to Julie A. Ballard, Plaintiff's mother (the "Policy"). (Am. Compl., ¶¶ 14, 26, 38; *see also* Policy, attached as Exhibit 1.[2]) Plaintiff was insured under the Policy as an additional operator. (Ex. 1 at 4.) Among other provisions, the Policy included Uninsured/Underinsured Motorist benefits ("UM/UIM") that are subject to all of the Policy's terms and conditions. (Am. Compl., ¶ 14.) The Policy includes $25,000 per person in UM/UIM benefits. (*Id.*, Ex. 1 at 4.)

4. According to the Amended Complaint, Plaintiff was involved in a motor vehicle accident on November 13, 2012, and suffered damages, including reasonable and necessary medical expenses, pain, suffering, loss of enjoyment of life, loss of earning and earning capacity, permanent disfigurement, impairment and/or disability. (Am. Compl. ¶¶ 4, 10, 32.)

---

[1] Counsel for USAA CIC entered their appearance in the State Court Action on February 18, 2015, effectively accepting service of the Amended Complaint filed on February 27, 2015.

[2] Plaintiff refers to the Policy, which is central to the claims in her Amended Complaint. Because USAA CIC has provided an indisputably authentic copy of the Policy, it is properly within this Court's consideration. *See, e.g.*, *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (in context of motion to dismiss); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (referencing consideration of "summary-judgment-type evidence" to support jurisdiction).

5. Plaintiff alleges that the accident was caused by an underinsured motorist and that she advised USAA CIC of "a claim for underinsured motorist benefits" and "has otherwise fully cooperated" with USAA CIC in connection with the claim. (*Id*. ¶¶ 4, 27.)

6. She further alleges that USAA CIC breached its obligation to "pay Plaintiff amounts due to her under the underinsured motorist coverage provision of her policy," while simultaneously alleging that USAA CIC "paid the policy limits of $25,000." (*Id.* ¶¶ 17, 31.)

7. Plaintiff states that "[t]he UIM coverage on the policy was not equivalent to the limits of the bodily injury limits of $100,000." (Am. Compl. ¶ 15.) She further states that USAA CIC was required "to offer UIM limits to Julie Ballard in an amount equal to the bodily injury limits on her policy." (*Id*. ¶ 16.)

8. One of the primary issues in this case will be the UM/UIM limits available to Plaintiff under the Policy. Shortly after the accident, USAA CIC provided Plaintiff with a copy of the Policy which sets forth the $25,000 per person in UM/UIM benefits. (*See* collection of correspondence between USAA CIC and Plaintiff's counsel, attached as Exhibit 2 at 1.) USAA CIC tendered Policy limits to Plaintiff; however, based on various communications between USAA CIC and Plaintiff's counsel, and the allegations in the Amended Complaint, it appears that Plaintiff is disputing the UM/UIM limits available to her and claiming entitlement to UM/UIM limits that mirror the bodily injury limits of $100,000. (Ex. 2 at 3, 7; Am. Compl. ¶¶ 15-24).

9. Plaintiff asserts four claims for relief: breach of contract, statutory bad faith pursuant to C.R.S. § 10-3-1116, common law bad faith, and a claim for underinsured motorist

benefits (which USAA CIC interprets to be a breach of contract claim for UM/UIM benefits). (*Id.* ¶¶ 25-49.)

10. Plaintiff seeks an award of general damages, economic damages, all statutory and necessary costs, including attorney's fees and costs, expert witness fees, and discovery expenses, pre and post judgment interest. (*Id.* at 6.) She seeks all damages available under her UM/UIM coverage of the Policy and compensatory damages for her bad faith claim, including damages for litigation costs and emotional trauma. (*Id.* ¶¶ 32, 45, 49.)

## GROUNDS FOR REMOVAL

### I. TIMELINESS

11. USAA CIC was served with Plaintiff's Complaint on February 4, 2015. (*See* Affidavit of Service.)

12. This Notice of Removal is filed within thirty (30) days after service of the Complaint; therefore, this removal action is timely under 28 U.S.C. § 1446(b).

### II. THE REQUIRED DIVERSITY OF CITIZENSHIP EXISTS

13. The substantive allegations of Plaintiff's Amended Complaint establish that complete diversity of citizenship exists between the parties to this action.

14. Plaintiff is a citizen of the State of Colorado. (*See* Am. Compl. ¶ 1.)

15. The entirety of Plaintiff's Amended Complaint is premised on her right to enforce the terms of the Policy and her entitlement to UM/UIM benefits from USAA CIC under the Policy. (*See generally* Am. Compl.)

16. The Policy was issued to Julie A. Ballard, Plaintiff's mother, at 6364 S Lamar Court, Littleton, Colorado, 80123, which is also identified as Plaintiff's address in the Complaint. (Ex. 1 at 2; Am. Compl. at 6.)

17. The Policy is a Colorado insurance policy, issued in compliance with the laws and regulations governing insurance policies in Colorado. (*See*, *e.g.*, Ex. 1 at 23.)

18. The Policy provides coverage for two vehicles "principally garaged" in Littleton, Colorado. (*Id*. at 4.)

19. The Amended Complaint and the Policy set forth sufficient underlying facts to support that Plaintiff is a citizen of the State of Colorado.

20. USAA CIC is a citizen of the State of Texas.

21. For purposes of diversity, a corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

22. USAA CIC is an insurance company organized under the laws of the State of Texas. Its principal place of business—that is, where it directs, controls, and coordinates its activities—is located in Texas. (Ex. 1 at 4; Declaration of Michael Broker, attached as Exhibit 3; public filings concerning USAA CIC's principal place of business, attached as Exhibit 4[3].) *See also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (defining principal place of business); *Rose v. USAA Cas. Ins. Co.*, 2010 WL 2557484, No. 09-6005 (RBK/JS), *1 (June 23, 2010

---

[3] Courts routinely take judicial notice of public documents, such as those filed with the secretary of state. *See JP Morgan Trust Co., Nat'l Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1258 (D. Kan. 2006).

D.N.J.) ("USAA Casualty Insurance Company, a Texas corporation with its principal place of business in San Antonio, Texas . . ."); *Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012) (holding this court may take judicial notice "of public records, including district court filings.").

23. Because the parties are citizens of different states and USAA CIC is not a citizen of the State of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. § 1332(a)(1), § 1332(c)(1), and § 1441; *see also Tuck v. United Servs. Auto Ass'n*, 859 F.2d 842, 847 & n.6 (10th Cir. 1988) (holding direct action proviso in § 1332 does not affect suits brought by insured against own insurer).

## III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

24. Plaintiff's Amended Complaint does not quantify the amount of damages sought. (*See generally* Am. Compl.)

25. To establish diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When, as here, the Amended Complaint does not quantify the damages or requested relief, the removing party has the burden to demonstrate, through other means, the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[I]n the absence of an explicit demand for more than $75,000, the defendants must show how much is in controversy through other means.").

26. A review of the potential damages based on the allegations in the Amended Complaint demonstrates an amount in controversy greater than $75,000. *See id.* (A defendant "may rely on an estimate of the potential damages from the allegations in the complaint.").

27. With respect to contract damages, the Policy provides for up to $25,000 in UM/UIM coverage. (Ex. 1 at 4.) Plaintiff has made a demand upon Defendant for amounts due to her under the UM/UIM coverage of the Policy. (Am. Compl. ¶¶ 31, 49.)

28. USAA CIC tendered Policy limits to Plaintiff, which is additional evidence of the amount in controversy. (Am. Compl. ¶ 17, Ex. 2 at 2, 4, 6.) Plaintiff appears to be disputing the $25,000 UM/UIM limits and claiming that the limits should be the same as the bodily injury limits of $100,000 per person for liability coverage on the Policy. (Ex. 2 at 3, 7; Am. Compl. ¶¶ 15-24.) *See McPhail*, 529 F.3d at 956 (allowing other documentation to provide the basis for determining the amount in controversy—either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward).

29. Therefore, given this dispute over Policy limits, a reasonable estimate of contract damages is at least $75,000, as Plaintiff seeks this amount in addition to the $25,000 UM/UIM limits.

30. Plaintiff also alleges that she is entitled to two times the covered insurance benefit, pursuant to C.R.S. § 10-3-1116, or <u>at least</u> an additional $50,000 (based on the $25,000 UM/UIM limit) and up to $200,000 (based on Plaintiff's contention that the UM/UIM limits should be equivalent to the bodily injury limits), plus reasonable attorney's fees. (Am. Compl. ¶¶ 14-20, 36.)

31. Plaintiff's request for an award of attorney's fees under C.R.S. § 10-3-1116 may be used in calculating the necessary jurisdictional amount, and places the amount in controversy over the $75,000 threshold. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used

in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship."). While the fees cannot be calculated with certainty at this point, significant fees will be incurred in this matter.

32. Plaintiff also sees compensatory damages, in the form of economic and non-economic damages for her bad faith claim, which are permitted under Colorado law[4], and therefore properly considered in establishing the jurisdictional limit. (Am. Compl. ¶ 45.); *see Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1212 (D. Colo. 2007) (The amount in controversy is also limited to what a plaintiff can recover under applicable law). While compensatory damages cannot be estimated at this time, these requested damages are in addition to the already established jurisdictional threshold.

33. Finally, Plaintiff states on the Colorado Civil Case Cover Sheet that "monetary judgment over $100,000 is sought by any party against any other single party," and while relying on this alone is insufficient to satisfy the jurisdictional threshold, as explained in *Baker v. Sears Holdings Corp.*, it is probative evidence of the amount in controversy, and the totality of the facts presented herein demonstrates that the jurisdictional minimum is met. *Id.* at 1212; *see e.g. Ogburn v. Am. Nat'l Prop. & Cas. Co.*, No. 1:14-CV-02339-LTB-BNB, 2014 WL 5395198, at *4 (D. Colo. Oct. 23, 2014) *and Roadcap v. Auto-Owners Ins. Co.*, No. 14-CV-01897-PAB-CBS, 2014 WL 3952802, at *1 (D. Colo. Aug. 12, 2014) (finding civil case cover sheet as probative evidence of amount in controversy); (*See* Civil Case Cover Sheet at 2.)

---

[4] *See Goodson v. Am. Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 415 (Colo. 2004) (In a bad faith breach of contract case, "[c]ompensatory damages for economic and non-economic losses are available to make the insured whole").

34. In sum, the amount in controversy exceeds $75,000, based on the UM/UIM benefit, plus two times that covered benefit, plus economic and noneconomic damages, and attorney fees – all of which are alleged by Plaintiff in her Amended Complaint.

35. On the facts set out in this notice, in conjunction with the supporting evidentiary materials provided to the Court, USAA CIC has met its burden to prove by a preponderance of the evidence that the jurisdictional threshold is met. *See* 28 U.S.C. § 1332(a). Accordingly, this Court has subject matter jurisdiction over Plaintiff's Amended Complaint under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446.

## **VENUE**

36. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391.

## **PROCESS, PLEADINGS, AND ORDERS SERVED**

37. As required by 28 U.S.C. § 1446(a), D.C.COLO.LCivR 81.1, and this Court's Electronic Case Filing Procedures, Version 6.0, Section IV, 4.4(b), copies of service of process, pleadings, and orders filed in the State Court Action are provided along with this Notice of Removal.

## **NOTICE OF REMOVAL**

38. Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal, filed contemporaneously herewith, is attached as Exhibit 5.

## NO WAIVER

39. No waiver and no admission of fact, law or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## REQUEST FOR LIMITED DISCOVERY IF NEEDED

40. USAA CIC reserves the right to conduct limited discovery on the issue of diversity jurisdiction, if necessary, as allowed by *McPhail*, 529 F.3d at 955. For example, in the event that Plaintiff contests whether USAA CIC has shown the amount in controversy exceeds $75,000, USAA CIC requests limited discovery on this issue. *See id.*

## CONCLUSION

41. For the reasons set forth above, Defendant USAA Casualty Insurance Company removes this action to the United States District Court for the District of Colorado.

Dated:  March 6, 2015                              Respectfully submitted,

*Original signature on file at the law firm of*
*Wheeler Trigg O'Donnell LLP*


*s/ Stefania C. Scott*
John M. Vaught
Stefania C. Scott
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:    303.244.1800
Facsimile:    303.244.1879
Email:   vaught@wtotrial.com
             sscott@wtotrial.com

Attorneys for Defendant
USAA Casualty Insurance Company

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on March 6, 2015, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served on the following via US Mail and e-mail:

Patricia Meester
DezaRae LaCrue
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Aurora, CO 80014
Telephone: (303) 757-3300
Email: meesterp@fdazar.com
  lacrued@fdazar.com

*Attorneys for Plaintiff*

*s/ Stefania C. Scott by Diane Tingen*