DATE FILED: February 2, 2015 5:07 PM
FILING ID: 2E465E627D3E2
CASE NUMBER: 2015CV30385

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>Court Address:  1437 Bannock Street<br>Denver, Colorado 80202 | |
| Plaintiff:    Ashley Ballard<br><br>Defendant: USAA Casualty Insurance Company | ▲COURT USE ONLY▲ |
| Tonya L. Melnichenko, #32152<br>Erica A. Vecchio, #36983<br>Franklin D. Azar & Associates, P.C.<br>5536 Library Lane<br>Colorado Springs, Colorado  80918<br>Phone Number:  (719) 527-8000<br>Fax Number:    (719) 550-3926<br>E-Mail:          melnichenkot@fdazar.com<br>                    vecchioe@fdazar.com<br>Attorneys for Plaintiff | Case Number:<br><br>Division: |
| COMPLAINT | |

Ashley Ballard, (hereinafter "Plaintiff"), by and through the undersigned counsel, for her Complaint for damages, states and alleges as follows:

## GENERAL ALLEGATIONS

1. At the time of the motor vehicle accident, Plaintiff resided in the City of Littleton, Jefferson County, State of Colorado.

2. Upon information and belief, at all times relevant hereto, Defendant USAA Casualty Insurance Company, (hereinafter "Defendant" or "Defendant USAA") was and is a corporation doing business in the State of Colorado.

3. Venue is proper in this action pursuant to C.R.C.P. 98.

4. On or about November 13, 2012, at or near Colorado 75 and Normandy Parkway, in the County of Arapahoe, State of Colorado, Plaintiff was involved in a motor vehicle accident with an underinsured motorist. The accident was caused by the negligence of an underinsured motorist.

## FIRST CLAIM FOR RELIEF
*(Breach of Contract)*

5.  The allegations contained above are incorporated herein by reference as if now set forth verbatim.

6.  Sometime prior to the accident, Plaintiff entered into entered into a contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and underinsured motorists. At all times pertinent to the above-referenced action, all the premiums as required under the contract for insurance were paid to Defendant.

7.  Plaintiff has advised Defendant of a claim for underinsured motorist benefits for this incident under its policy of insurance, and has otherwise fully cooperated with Defendant in connection with the claim.

8.  Plaintiff has requested a copy of her underwriting file to confirm the coverages she contracted for as well as the coverages Defendant is required to provide pursuant to Colorado law.

9.  Defendant has refused to provide Plaintiff with a copy of her underwriting file.

10. Plaintiff is an intended beneficiary of Defendant's policy/contract, and is therefore entitled to enforce its terms.

11. Plaintiff has made a demand upon Defendant, and Defendant has refused to pay Plaintiff amounts due to her under the underinsured motorist coverage provision of her policy; therefore, Defendant has breached its contract of insurance.

12. Plaintiff is entitled to be compensated by Defendant for all damages she has incurred, including reasonable and necessary medical expenses, pain, suffering, loss of enjoyment of life, loss of earnings, and earning capacity, permanent disfigurement, impairment and/or disability, under the underinsured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
*(First Party Statutory Claim Under C.R.S. Section 10-3-1116))*

13. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

14. Defendant has denied and delayed payment of underinsured motorist benefits to Plaintiff without reasonable basis for its action.

15. Defendant's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to her, and which Defendant should have previously paid to her.

16. In accordance with C.R.C. Section 10-3-1116, Plaintiff is entitled to recover from Defendant two times the covered uninsured motorist benefits, plus reasonable attorney's fees and court costs.

### THIRD CLAIM FOR RELIEF
*(Bad Faith)*

17. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

18. Sometime prior to the accident, Plaintiff entered into a contract with Defendant, or was a beneficiary of the contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists. At all times pertinent to this action, all the premiums as required under the contract for insurance were paid to Defendant.

19. Plaintiff has advised Defendant of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with this claim.

20. Plaintiff is an intended beneficiary of Defendant's insurance policy/contract, and is therefore entitled to enforce its terms.

21. Defendant owed Plaintiff a duty to act in good faith in reviewing, adjusting, and settling her claim.

22. Defendant breached its duties to Plaintiff as its insured, and acted in bad faith through its conduct as described above, and by engaging in the following, among other acts:

   (a) Compelling this Plaintiff to institute litigation to recover amounts due her under the underinsured motorist bodily injury liability benefits afforded to Plaintiff under the insurance policy by failing to provide Plaintiff with important coverage and policy information and advising Plaintiff if she wanted such information she would need to issue a subpoena in violation of C.R.S. § 10-2-1104(h)(X);

   (b) Favoring the interests of Defendant, an insurer, over those of Plaintiff, an insured, to whom Defendant owes fiduciary and statutory duties by refusing to provide Plaintiff with relevant information regarding coverages available;

   (c) Failing to conduct an adequate investigation regarding coverage issues by failing to obtain and provide to Plaintiff a copy of the underwriting file as requested to confirm her coverage;

3

(d)     Failing to conduct an adequate and fair investigation of the facts and circumstances surrounding Plaintiff's claims.

(e)     Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an underinsured motorist because of its own inadequate coverage investigation; and

(f) Failing to promptly settle Plaintiff's claim, where liability is reasonably clear, under one portion of her insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage in violation of C.R.S. § 10-2-1104(h)(XIII)

23.    Defendant's actions are unreasonable.

24.    Defendant knew its conduct was unreasonable, or disregarded the fact that its conduct was unreasonable.

25.    As a direct result of Defendant's unreasonable conduct and breaches of its duties to its insured, Plaintiff has been damaged including, but limited to:

a.     Being forced to incur additional costs of litigation;

b.     Enduring the emotional trauma of being involved in a lawsuit with Defendant, due to the unreasonable conduct of the Defendant insurance company; and

c.     Being deprived of the use of funds that would otherwise be used for medical treatment, and to compensate Plaintiff for other losses that she incurred which should have been paid by now.

## FOURTH CLAIM FOR RELIEF
### (CLAIM FOR UNDERINSURED MOTROIST BENEFITS)

26.    The allegations contained above are incorporated herein by reference as if now set forth verbatim.

27.    Plaintiff has advised Defendant USAA of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

28.    Plaintiff is the intended beneficiary of Defendant USAA's insurance policy/contract and is therefore entitled to enforce its terms.

29.     Plaintiff is entitled to be compensated by Defendant USAA for all damages she has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, and permanent impairment and disability, under the underinsured motorist coverage of the policy.

WHEREFORE, Plaintiff requests the Court enter judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, attorney's fees and costs, expert witness fees, expenses incurred in the investigation and discovery required to present Plaintiff's claims, pre- and post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just and appropriate under the circumstances.

**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
*Pursuant to C.R.C.P. 121 § 1-29(9), original is duly signed and on file at the office of Franklin D. Azar & Associates, P.C., and will be made available for inspection by other parties of the Court upon request.*

Tonya L. Melnichenko, #32152
Erica A. Vechhio, #36983
ATTORNEY FOR PLAINTIFF

Plaintiff's Address
6364 South Lamar Court
Littleton, Colorado 80123